UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

RENE CAMPOS; and
MARIA DELGADO CAMPOS,
individually and as next friend of minor
MARELLY DELGADO CAMPOS
        *Plaintiffs*

VS.

LOUISVILLE LADDER, INC.;
CORPORATIVO GRUPO IMSA S.A.
DE C.V.; INDUSTRINAS MONTERREY
S.A. DE C.V.; GRUPO IMSA S.A.B. DE
C.V.; and IMSALUM, S.A. DE C.V.,
        *Defendants*

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO.
JURY

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs—Rene Campos; and Maria Delgado Campos, individually and as next friend of minor Marelly Delgado Campos—file their original complaint against Defendants—Louisville Ladder, Inc., Corporativo Grupo Imsa S.A. de C.V.; Industrinas Monterrey S.A. de C.V.; Grupo Imsa S.A.B. de C.V.; and Imsalum, S.A. De C.V.

### I.
### PARTIES

1.1     All Plaintiffs are Texas citizens residing in Corpus Christi, Nueces County, Texas. Plaintiff Rene Campos and Plaintiff Maria Delgado Campos are married and are the natural parents of minor Marelly Delgado Campos. Rene Campos brings suit for damages for personal injuries he sustained as a result of the failure of a ladder designed, manufactured, and/or sold by Defendant. Maria Delgado Campos brings suit individually for damages she sustained as a result of the serious, permanent, and disabling injuries to her husband. As next friend, Maria Delgado Campos brings suit for

damages sustained by minor Marelly Delgado Campos as a result of the serious, permanent and disabling injuries to her father.

     1.2     Defendant, Louisville Ladder, Inc., is a Delaware corporation with its principal place of business in Kentucky. Thus, Defendant has Delaware and Kentucky citizenship.

     1.3     Defendant, Corporativo Grupo Imsa S.A. de C.V., is a Mexican entity and doing business in Texas and the United States.

     1.4     Defendant, Industrinas Monterrey S.A. de C.V., is a Mexican entity and doing business in Texas and the United States.

     1.5     Defendant, Grupo Imsa S.A.B. de C.V., is a Mexican entity and doing business in Texas and the United States.

     1.6     Defendant, Imsalum, S.A. De C.V., is a Mexican entity and doing business in Texas and the United States.

     1.7     Louisville Ladder, Inc. ; Corporativo Grupo Imsa S.A. de C.V.; Industrinas Monterrey S.A. de C.V.; Grupo Imsa S.A.B. de C.V.;  and Imsalum, S.A. De C.V., are all affiliated entities that were involved in the manufacture, design and distribution of the subject ladder.   As such, said defendants will be collectively referred to herein as "Defendants."

## II.
### VENUE AND JURISDICTION

     2.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a), because this action, which has an amount in controversy in excess of $75,000, exclusive of interest and costs, is between citizens of different states.

     2.2     The Court has specific and general personal jurisdiction over Defendants because it purposely availed itself of the privilege of conducting activities within Texas;

it has substantial and continuous contacts with the State of Texas, generally and with respect to this action, to satisfy both general and specific minimum contacts; and exercising jurisdiction Defendants do not offend the traditional notions of fair play and substantial justice.

2.3    This is a proper venue, pursuant to 28 U.S.C. § 1391(a), because it is the District in which a substantial part of the events or omissions giving rise to the claim occurred and is Defendants' residence for purposes of 28 U.S.C. § 1391(c).

2.4    This is also convenient venue because Corpus Christi, Nueces County, Texas, is where all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred.  Specifically, the ladder failure made the subject of this suit occurred in Corpus Christi, Nueces County, Texas, and Rene Campos fell from the ladder and suffered the personal injuries made the basis of this suit in Corpus Christi. At this time, Rene Campos remains in an assisted care facility in Corpus Christi, where he requires 24-hour/day care.

### III.
#### BACKGROUND FACTS

3.1    On or about June 15, 2008, Plaintiff Rene Campos was trimming trees outside a home in Corpus Christi, Nueces County, Texas.   At the time of the incident, Campos was using an aluminum ladder designed, manufactured, and/or distributed by Defendant, Louisville Ladder.   True copies of photographs of the ladder in question are attached as Exhibit A to this complaint.

3.2    While using the ladder in its fully extended and locked position, the ladder's legs failed and caused the ladder and Campos to fall.  As a result of the ladder failure and resulting fall, Campos suffered serious, permanent, and disabling injuries to his body and head.

3.3     The injuries Campos sustained include, among other injuries, severe head trauma.  When the ladder failed and he fell, Campos struck his head on the cement pavement.  As a result of his head injuries, Campos still requires 24-hour/day assisted care in a managed care facility in Corpus Christi, Texas.  At this time, it appears that Campos will likely require assistance for the reminder of his life due to  these debilitating injuries.

3.4     The Campos family is very close, and just three months after Rene Campos's injuries, the family blessed by the birth of daughter Marelly Delgado Campos.  The Campos family has been devastated by the tragic and completely debilitating injuries suffered by its provider and leader, Rene Campos.  Instead, the Campos family is required to take care of and provide for Rene Campos.  The Campos family—once close, happy, and active—has become constantly depressed, worried, and anxious about the future.  Their loving and supportive father will never be the same.

## CAUSES OF ACTION AGAINST DEFENDANTS

### IV.
#### MANUFACTURING DEFECT

4.1     At all pertinent times, Defendants were engaged in the business of designing, manufacturing, marketing, selling, distributing, and/or otherwise placing ladders into the stream of commerce.

4.2     Defendants designed, manufactured, marketed, sold, distributed, and/or otherwise placed the ladder from which Rene Campos fell into the stream of commerce.

4.3     When it left Defendants' control, defects in the manufacture of the ladder in question rendered it defective and unreasonably dangerous.

4.4    The ladder was dangerous to an extent beyond that which would be contemplated by the ordinary user of the ladder, with the ordinary knowledge common to the community as to the ladder's characteristics.

4.5    Upon information and belief, Defendants' manufacturing and testing processes were so haphazard and deficient that numerous manufacturing defects were likely to result, any one of which would have rendered the ladder defective and unreasonably dangerous and caused the ladder to fail as it did at the time of Rene Campos's incident. Because of Defendants' inadequate manufacturing process and quality control procedures, ladders with manufacturing defects were likely to reach users such as Campos.

4.6    By way of example and not limitation, failing to properly cure and/or use the proper aluminum alloy mixture/ratio in a ladder's manufacture would increase the risk that the ladder would fail while being subjected to normal use for its intended purposes. Based on information and belief, Defendants have used aluminum alloys in manufacturing its ladders (b) that did not contain proper proportions of component materials; (c) whose component materials were not properly mixed or distributed; and/or (a) that were not properly heat treated or cured.

4.7    Rene Campos used the ladder in question for its intended and foreseeable purpose. At the time of Campos's incident, no material alterations had been made to the ladder, and it was in the same or substantially similar condition as when it left Defendants' control.

4.8    The defective manufacture of the ladder was a producing cause of Rene Campos's injuries and Plaintiffs' damages.

## V.
## DESIGN DEFECT

5.1    At all pertinent times, Defendants were engaged in the business of designing, manufacturing, marketing, selling, distributing, and/or otherwise placing ladders into the stream of commerce.

5.2    Defendants designed, manufactured, marketed, sold, distributed, and/or otherwise placed the ladder from which Rene Campos fell into the stream of commerce.

5.3    When it left Defendants' control, defects in the design of the ladder in question rendered it defective and unreasonably dangerous, taking into consideration the utility of the ladder and the risk involved in its use.

5.4    At the time the ladder left Defendants' control, safer alternative designs for the ladder existed, which were economically and technologically feasible and would have prevented or significantly reduced the risk of injury to users of the ladder such as Rene Campos, without substantially impairing the ladder's utility.   Such safer alternative designs include, but are not limited to, thicker aluminum framing and stronger bracing.

5.5    Rene Campos used the ladder in question for its intended and foreseeable purpose.  At the time of Campos's incident, the ladder was in substantially the same condition as it was at the time it was placed into the stream of commerce.  No material alterations were made to the ladder, and it was in the same or substantially similar condition as when it left the control of Defendants.

5.6    The defective design of the ladder was a producing cause of Rene Campos's injuries and Plaintiffs' damages.

## VI.
### NEGLIGENCE

6.1    Defendants committed acts of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused Rene Campos's injuries and Plaintiffs' damages.

6.2    Defendants' acts or omissions constituting negligence include, but are not limited to, the following:

a.    failing to properly manufacture the ladder;

b.    failing to adopt and/or implement proper quality control procedures;

c.    failing to properly test the ladder;

d.    failing warn users or consumers of known dangers and defects associated with the ladder;

e.    failing to disclose post-sale information known about the dangers or defects of the ladder; and

f.    failing to properly design the ladder.

## VII.
### GROSS NEGLIGENCE

7.1    Defendants committed acts of omission and commission, which collectively and severally, constituted gross negligence, and that gross negligence proximately caused of the Rene Campos's injuries and Plaintiffs' damages, for which Plaintiffs are entitled to recover punitive damages.

7.3    When viewed objectively, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of harm to others. Defendants knew of this extreme risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Rene Campos.

7.4    Defendants, or their predecessors in interest have been sued previously where it was alleged that a leg or legs of the subject aluminum ladder failed and caused injury.

7.5    Defendants, or their predecessors have been made aware of previous incidents where it was alleged that a leg or legs of one if its aluminum ladders failed and caused injury.

7.6    Despite this knowledge, Defendants failed to take the actions necessary to prevent similar tragedies.

7.7    Defendants knew of the dangers possessed by the subject ladder but designed, manufactured, and sold the ladder in question in a compromised condition and failed to warn consumers of these dangers.

## DAMAGES

### VIII.
### ACTUAL DAMAGES

8.1    As a result of Defendants' conduct and the defective ladder, Rene Campos suffered serious, permanent, and disabling injuries and is entitled to recover from Defendants damages for past and future medical expenses, loss of earning capacity, physical pain, mental anguish, physical impairment, and disfigurement.

8.2    As a result of the serious, permanent, and disabling injuries to Rene Campos, his wife, Maria Campos is entitled to recover from Defendants damages for past and future pecuniary loss, loss of household services, and loss of consortium.

8.3    As a result of the serious, permanent, and disabling injuries to Rene Campos, his daughter, Marelly Delgado Campos, is entitled to recover from Defendants damages for past and future loss of parental consortium.

## IX.
### PUNITIVE DAMAGES

9.1     Because Defendants are guilty of gross negligence, it should have punitive damages assessed against it and awarded to Plaintiffs, as a deterrent to such future bad conduct and as a punishment for its bad acts, in an amount deemed appropriate by the jury.

## X.
### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

10.1     Plaintiffs seek pre-judgment and post-judgment interest at the maximum legal rate.

## XI.
### JURY DEMAND

11.1     Plaintiffs hereby request a jury trial.

## XII.
### CONDITIONS PRECEDENT

12.1     All conditions precedent to Plaintiffs' rights to recover herein and to Defendants' liability have been performed or have occurred.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request this cause be set down for trial before a jury and that Plaintiffs recover judgment of and from Defendants for their actual and exemplary damages in such amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest, post-judgment interest, costs of suit, and such other and further relief to which Plaintiffs may show themselves to be justly entitled, whether at law or in equity.

Respectfully submitted,


       /s/ David L. Jones
DAVID L. JONES
State Bar No. 24002370
Attorney-in-Charge for Plaintiffs
MIKAL C. WATTS
State Bar No. 20981820
Federal I.D. No. 12419
WATTS GUERRA CRAFT LLP
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78478
Telephone:  (361) 887-0500
Facsimile:  (361) 887-0055

and

THE   LAW   OFFICES   OF   WILLIAM
CLAYTON BONILLA
William Clayton Bonilla
State Bar No. 24055193
2727 Morgan Avenue
Corpus Christi, Texas 78405
Telephone: (361) 882-8284
Facsimile: (361) 884-881-1031











2-10

**NOTICE**

R SIZE:        10

ATING:         TYPE  IA

CAPACITY:      300 LBS

ST STAND-
EVEL:                      IN

L LENGTH
ECTIONS:                   IA

VORKING

H:                         A

F

E:   OV

SHA
EMENT